UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EDWARD MAYE,<br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Case No.: 22CV1326-BLM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 2]** |

      The instant matter was initiated on September 6, 2022 when Plaintiff filed a complaint to seek review of the Commissioner's decision to deny Plaintiff's "application for a period of disability, disability insurance benefits, and supplemental security income benefits." ECF No. 1 at 2. That same day, Plaintiff filed a Request to Proceed *In Forma Pauperis*. ECF No. at 2.

      Having reviewed the complaint and motion, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* ("IFP") and finds that Plaintiff's complaint is sufficient to survive *sua sponte* screening.

**Application to Proceed in District Court without Prepaying Fees or Costs**

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if

she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied his burden of demonstrating that he is entitled to IFP status. According to his affidavit in support of application, Plaintiff receives $472.00 per month in general relief along with $250.00 per month in EBT, $72.00 in travel, and help from his mother.

ECF No. 2 at 2, 4-5.[1]  Plaintiff spends $55.00 per month on his phone, $26.87 per month on medical and dental expenses, and $37.80 on life insurance. Id. at 4.  Plaintiff's mother provides Plaintiff with food, clothing, and free laundry. Id.  Plaintiff does not have any dependents who rely on him for support or a spouse and no one owes him any money. Id. at 3.  Based on the foregoing, the Court finds that Plaintiff has established that he is unable to pay the $402 filing fee without impairing his ability to pay for life's necessities. See Adkins, 335 U.S. at 339–40.  Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id.  Instead, the plaintiff must state a claim that is plausible on its face, meaning the pleaded "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (2009) (quoting Twombly, 550 U.S. at 556,

---

[1] Plaintiff notes that his general relief and EBT payments were suspended in July 2022 because he was using the funds while on vacation and that he is appealing the decision. ECF No. 2 at 5.

570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e).  Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2).  With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits.  See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong.  The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong.").  Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

After reviewing the complaint, the Court finds that Plaintiff has established the four elements necessary for a complaint to survive *sua sponte* screening.  Plaintiff stated that he resides in San Diego, California and that he "exhausted all administrative remedies by seeking review with the Appeals Council. On July 6, 2022, the Appeals Council denied the request for review, at which time the ALJ's decision became the final decision of the Commissioner." ECF No. 1 at 1, 3.  Plaintiff also stated that he became disabled on January 4, 2013 and that he has

impairments which include "[l]ower extremity ulcerative wounds, lymphedema and cellulitis primarily affecting the left leg; cerebral hemorrhage, status post coiling; cardiomyopathy and congestive heart failure with peripheral edema; chronic obstructive pulmonary disease; diabetes mellitus; hypertension; chronic kidney disease; gout; degenerative disc disease and degenerative joint disease with sciatica." Id. at 2. Plaintiff clearly states his disagreement with the determination made by the Social Security Administration by arguing that

> (a) the ALJ did not state clear and convincing reasons for rejecting the symptom and limitation testimony of Maye; (b) the ALJ did not properly weigh the medical evidence that Maye had more limitations as expressed by multiple physicians; and (c) the ALJ finding of the ability to perform work is not supported by substantial evidence and free of legal error.

Id. at 3.

In light of the Court's rulings, **IT IS FURTHER ORDERED**:

1. The United States Marshal shall serve a copy of the Complaint filed on September 6, 2022 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

Dated: 9/8/2022

Hon. Barbara L. Major
United States Magistrate Judge