UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EDWARD MAYE,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.:  22CV1326-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MERITS BRIEF AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>**[ECF Nos. 22 and 24]** |

Plaintiff Kenneth Mayes brought this action for judicial review of the Social Security Commissioner's denial of his claim for "a period of disability, disability insurance benefits, and supplemental security income benefits." ECF No. 1. Before the Court are Plaintiff's Opening Brief [ECF No. 22 ("Pl.'s Mot.")], Defendant's Opposition to Plaintiff's brief [ECF No. 24 ("Oppo.")], and Plaintiff's reply [ECF No. 25 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

///
///
///
///

**PROCEDURAL BACKGROUND**

On September 11, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income both alleging disability beginning January 4, 2013. See Administrative Record ("AR") at 46. The claims were denied initially on December 19, 2014, and upon reconsideration on July 31, 2015, resulting in Plaintiff's request for an administrative hearing on September 9, 2015. Id.

On February 28, 2017, a hearing was held before Administrative Law Judge ("ALJ") Mark B. Greenberg. Id. at 46-56. Plaintiff[1], an impartial medical expert, Dr. Arnold Ostrow, and an impartial vocational expert ("VE"), Ms. Nelly K. Katsell, testified at the hearing. Id. at 46. In a written decision dated November 8, 2017, ALJ Greenberg determined that Plaintiff had not been under a disability, as defined in the Social Security Act, since January 4, 2013. Id. at 55. Plaintiff requested review by the Appeals Council. Id. at 1-4. In a letter dated November 30, 2018, the Appeals Council denied review of the ALJ's ruling, and the ALJ's decision therefore became the final decision of the Commissioner. Id.

On January 16, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's decision denying his applications for a period of disability and disability insurance benefits and for Supplemental Security Income. Id. at 1008. On September 25, 2019, United States Magistrate Judge Robert N. Block issued a Report and Recommendation for Order Granting Plaintiff's Motion for Summary Judgment, Denying the Commissioner's Cross Motion for Summary Judgment, and entering judgment reversing the decision of the Commissioner and remanding the matter for further administrative review. Id. at 1008-1018. Judge Block found that upon remand, the ALJ needed to provide reasons for his adverse credibility determination and specifically state what part of Plaintiff's subjective symptom testimony was not credible. Id. at 1013. Neither party objected to the Report and Recommendation and on November 15, 2019, United States District Judge Anthony J. Battaglia issued an Order Adopting the Report and

---

[1] After being informed of his right to counsel, Plaintiff elected to proceed and testify without the assistance of counsel or another representative. AR at 46.

Recommendation.  Id. at 1006-1007.

On September 22, 2020, and May 18, 2021, telephonic hearings were held before Administrative Law Judge ("ALJ") James Delphey.[2]  Id. at 882-902.  Plaintiff, represented by Brian Shapiro, testified at the September 22, 2020 hearing.  Id.  Plaintiff, an impartial medical expert, Harvey L. Alpern, and an impartial vocational expert ("VE"), Lorian Hyatt, testified at the May 18, 2021 hearing.  Id. at 882.  In a written decision dated July 6, 2022, ALJ Delphey determined that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time through December 31, 2013[3].  Id. at 902.

On September 6, 2022, Plaintiff filed the instant action seeking judicial review by the federal district court.  See ECF No. 1.  On January 19, 2023, Plaintiff filed an Opening Brief.  Pl.'s Mot.  Defendant filed a timely Opposition to Plaintiff's Opening Brief on February 9, 2023.  Oppo.  Plaintiff replied on March 14, 2023.  Reply.

## ALJ's DECISION

On July 6, 2022, the ALJ issued a written decision in which he determined that Plaintiff was not disabled as defined in the Social Security Act.  AR at 882-902.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period (since December 31, 2013).  Id. at 886.  At step two, he considered all of Plaintiff's medical impairments and determined that the following impairments were "severe" as defined in the Regulations: "lower extremity ulcerative wounds, lymphedema and cellulitis primarily affecting the left leg; cerebral hemorrhage, status post coiling; cardiomyopathy and congestive heart failure with peripheral edema; chronic obstructive pulmonary disease; diabetes mellitus; hypertension; chronic kidney disease; gout; degenerative disc disease and degenerative joint

---

[2] At the September 2020 hearing, the ALJ decided that due to the history of the case, the length of the record, and some missing pieces of the record, it would be best to have the medical expert testify at a later hearing.  AR at 924-925.  Accordingly, the ALJ got some preliminary testimony from Plaintiff and then ended the hearing with the plan that he would conduct a later one when the medical record was complete.  Id. at 924-938.

[3] Plaintiff amended the alleged disability onset date on April 3, 2020.  December 31, 2013 is the date last insured.  AR at 883.

disease with sciatica (20 CFR 416.920(c))." Id.  At step three, the ALJ found that Plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal the listed impairments in 20 CFR 416.920(c), Subpart P, Appendix 1. Id. at 889.  At step four, the ALJ considered Plaintiff's severe impairments and determined that his residual functional capacity ("RFC") permitted him

> to perform sedentary work as defined in 20 CFR 416.967(a).  Specifically, the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently.  He can stand and walk for 2 hours during an 8-hour workday.  He can sit for 8 hours during a workday.  He can occasionally balance, stoop, kneel, crouch, and crawl.  He cannot climb ladders, ropes, or scaffolds.  He cannot work at unprotected heights.  He can rarely push or pull with lower extremities.  He must avoid concentrated exposure to extreme cold temperature, extreme hot temperature, and dust, odors, fumes, and other respiratory irritants.

Id. at 890.  The ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; [] the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported." Id. at 892.  The ALJ found that Plaintiff has no past relevant work ("PRW"). Id. at 900.  The ALJ then found that prior to January 1, 2022, when Plaintiff's age category changed, there were jobs in the national economy that existed in significant numbers that Plaintiff could have performed such as Assembler, Semiconductor Loader, and Final Assembler. Id. at 900-901.  The ALJ also found that starting on January 1, 2022, there were no jobs in the national economy that Plaintiff could perform. Id. at 901.  The ALJ clarified that Plaintiff was not disabled prior to January 1, 2022 but became disabled on that date and continued to be disabled through the date of his decision. Id. at 902.  Finally, the ALJ found that Plaintiff had not been under a disability at any time through December 31, 2013.[4]  Id.

---

[4] The ALJ further explained that Plaintiff failed to demonstrate a medically determinable impairment before December 31, 2013 and, accordingly, Plaintiff's Title II claim was dismissed due to insufficient evidence before the last date insured (the medical evidence in the record did

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Miner v. Berryhill, 722 Fed. Appx. 632, 633 (9th Cir. 2018) (We review the district court's decision de novo, disturbing the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence is "more than a mere scintilla but may be less than a preponderance." Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting Molina v. Astrue, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*. It is relevant evidence that a reasonable person might accept as adequate to support a conclusion after considering the entire record. Id. See also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019). "In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Laursen v. Barnhart, 127 Fed. Appx. 311, 312 (9th Cir. 2005) (quoting Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Ahearn, 988 F.3d at 1115 (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. Id. at 1115 ("[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole") (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

---

not begin until the middle of 2014). AR at 886. The remainder of the ALJ's decision related to Plaintiff's September 11, 2014 Title XVI claim. Id.

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Miner, 722 Fed. Appx. at 633. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court also may remand the matter to the Social Security Administration for further proceedings. Id.

## DISCUSSION

Plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting Dr. Alpern's opinion that Plaintiff's condition has equaled listing 4.11B since the middle of 2017 and to articulate specific and legitimate reasons for rejecting Dr. Liu's treating opinion. Pl.'s Mot. at 4, 12. Defendant contends that the "ALJ reasonably found Dr. Alpern's assessments of Listing level limitations were unsupported by the evidence of record" and that "Dr. Liu's less than sedentary limitations were unsupported by the evidence of record." Oppo. at 16, 23.

**Treating Physician – Dr. Dorothy Liu**

Plaintiff argues that the ALJ failed to articulate specific and legitimate reasons for rejecting the opinion of his treating doctor, Dr. Dorothy Liu. Pl.'s Mot. at 12.

1. Legal Standard

The opinion of a treating doctor generally should be given more weight than opinions of doctors who do not treat the claimant.[5] See Turner v. Comm'r. of Soc. Sec., 613 F. 3d 1217, 1222 (9th Cir. 2010) (citing Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995)). If the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Id. (citing Lester, 81 F.3d

---

[5] The Court notes that the rule giving deference to a claimant's treating physician is not applicable to claims filed on or after March 27, 2017. See 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Instead, certain factors are to be considered in evaluating the record as a whole. See 20 C.F.R. § 416.920c(b)–(c). Because Plaintiff filed his original claim in September 2014, the changes to the treating physician rule are inapplicable to the instant judicial review. See AR at 46.

at 830-31). Even when the treating doctor's opinion is contradicted by the opinion of another doctor, the ALJ may properly reject the treating doctor's opinion only by providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Id. (citing Lester, 81 F.3d at 830-31). This can be done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (quoting Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). "'The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.'" Townsend v. Colvin, 2013 WL 4501476, *6 (C.D. Cal. Aug. 22, 2013) (quoting Lester, 81 F.3d at 830–31) (citing Morgan, 169 F.3d at 600).

If a treating doctor's opinion is not afforded controlling weight, "the ALJ must consider the 'length of the treatment relationship and the frequency of examination' as well as the 'nature and extent of the treatment relationship' . . . . In addition, the ALJ must still consider the other relevant factors such as 'the amount of relevant evidence that supports the opinion and the quality of the explanation provided' and 'the consistency of the medical opinion with the record as a whole.'" West v. Colvin, 2015 WL 4935491, at *8 (D. Or. Aug. 18, 2015) (quoting Orn, 495 F.3d at 631; 20 C.F.R. §§ 416.927(c); and 404.1527(c)).

### 2. Dr. Liu's Medical Opinion and the ALJ's Evaluation

Beginning in December 2014, Dr. Dorothy Liu treated Plaintiff every one to six months for recurrent left lower extremity cellulitis with chronic lymphedema and recurrent ulcers, cardiomyopathy with congestive heart failure, hypertension, diabetes mellitus, and history of cerebral aneurysm. AR at 6935. On September 30, 2020, Dr. Liu completed a Physical Medical Source Statement. Id. at 6935-6937. In the statement Dr. Liu noted that Plaintiff complained

of chronic leg swelling and pain, fatigue, difficulty ambulating, and frequent hospitalization for recurrent ulcers. Id. at 6935. Dr. Liu estimated that Plaintiff could (1) walk one city block without rest or severe pain, (2) sit for fifteen minutes before needing to get up, (3) stand or walk for twenty minutes before needing to get up, (4) sit for four hours out of an eight-hour workday with normal breaks, and (5) stand/walk for less than two hours of an eight-hour day. Id. at 6935-6936. Dr. Liu also concluded that Plaintiff needed to be able to (1) walk every twenty minutes for ten minutes at a time during a normal eight-hour workday, (2) shift positions at will from sitting, standing, or walking, (3) take approximately six fifteen minute long unscheduled breaks during an eight hour workday, and (4) use a cane or assistive device when engaging in occasional standing or walking. Id. at 6936. Dr. Liu opined that Plaintiff is unable to lift fifty pounds or more and able to rarely lift twenty pounds, occasionally lift ten pounds, and frequently lift less than ten pounds. Id. Plaintiff can never climb ladders, rarely look down, look up, twist, stoop, or crouch, occasionally climb stairs, and frequently turn his head right or left, and hold his head in a static position. Id. at 6936. Dr. Liu also found Plaintiff to be limited in his ability to reach, handle, or finger. Id. at 6937. Dr. Liu concluded that Plaintiff would have good days and bad days and be absent more than four days per month. Id. Dr. Liu noted that other limitations that would impact Plaintiff's ability to work included sedation from his medications, stomach pain, headaches, and dizziness, which would be worsened with prolonged standing and heat. Id.

The ALJ gave Dr. Liu's September 30, 2020 medical opinion "some weight" because it appropriately noted Plaintiff's recurrent leg cellulitis. AR at 899. However, the ALJ found that Dr. Liu's opinion required "extreme limitations" that were not supported by the record and would not apply for a period of twelve months or more. Id. The ALJ specifically identified the manipulative and upper extremity limitations Dr. Liu identified for Plaintiff and noted that there was no objective support for the limitations especially given the lack of cervical spine or upper extremity disorders. Id. The ALJ did not directly address Dr. Liu's limitations regarding sitting, standing, or walking, and assistive devices or canes nor did he address Dr. Liu's conclusions about Plaintiff's likely absenteeism. Id.

3. Discussion

Plaintiff argues that the ALJ failed to articulate specific and legitimate reasons for rejecting Dr. Liu's opinions regarding Plaintiff's "ability to lift, stand, walk, bend, twist, look up, and down, shift positions, and absenteeism." Pl.'s Mot. at 15. Defendant contends that the ALJ's assessment of Dr. Liu's medical opinion is appropriate "within the greater context of the decision." Oppo. at 24. Defendant notes that earlier in his opinion, the ALJ found that there was "no objective medical evidence to support [Plaintiff's] need for an assistive device" and that there was "no objective medical evidence to support any sitting limitation." Id. at 25. In support, Defendant cites to Kaufmann v. Kijakazi, 32 F.4th 843, 851 (9th Cir. 2022).[6] Plaintiff replies that the ALJ articulated a single reason for rejecting Dr. Liu's medical opinion, that the manipulative limitations were not supported, and did not articulate any reasons at all for rejecting the remainder of her opinion. Reply at 6. Accordingly, Defendant's opposition lists

---

[6] In Kaufmann, the plaintiff sought relief after the district court initially found that the ALJ failed to properly explain how plaintiff's activities of daily living conflicted with plaintiff's subjective symptom testimony, but later granted the Commissioner's Rule 59(e) motion, admitted error in its analysis, and found that "[l]ooking to *all* the pages of the ALJ's decision, [] contrary to its original ruling, the ALJ had, in fact, explained which daily activities conflicted with which parts of Claimant's testimony." 32 F.4th at 851 (emphasis in original). The Court of Appeals found that the district court did not abuse its discretion and agreed with the Commissioner that "in its original decision, the court clearly erred by overlooking the ALJ's full explanation. Looking to the entire record, substantial evidence supports the ALJ's conclusion that Claimant's testimony about the extent of her limitations conflicted with the evidence of her daily activities, such as sewing, crocheting, and vacationing, and supports the ALJ's finding that Claimant's testimony was not fully credible." Id. Contrary to Defendant's arguments, Kaufmann did not change the standard for reviewing ALJ opinions, but merely reiterated that district courts should consider the entirety of the ALJ's opinion when deciding if the ALJ provided clear and convincing reasons for rejecting a claimant's subjective symptom testimony and not focus only on one page of the opinion. See Makenzie M. v. Commissioner of Social Security, 2022 WL 2817086, at *1 (W.D. Wash., July 19, 2022). In cases involving medical opinions like this one, reviewing courts are not required to look to an "ALJ's assessment of other medical opinions to determine whether the ALJ's assessment of those opinions could arguably apply to the disputed opinion. Such a contention is a post hoc argument and not authorized under Kaufmann or any other Ninth Circuit authority." Id. (finding that "[b]ecause the ALJ did not provide any assessment of the reaching limitation mentioned in Dr. Rogge's opinion and did not craft an RFC assessment consistent with that limitation, the [] ALJ erred in failing to fully address Dr. Rogge's opinion.").

hypothetical reasons for rejecting Dr. Liu's opinion that were not provided by the ALJ himself, essentially asking the Court to accept a *post hoc* rationale for the ALJ's findings, which is not permitted. Id.

The ALJ failed to provide specific and legitimate reasons for rejecting key portions of Dr. Liu's medical opinion. While the ALJ provided a specific and legitimate reason for rejecting the manipulative and upper extremity limitations found by Dr. Liu, the ALJ did not address Dr. Liu's limitations regarding sitting, standing, or walking, and assistive devices or canes, or her opinion that Plaintiff would be absent from work more than four days per month except to say that her opinion "assesses extreme limitations, which are not supported by the record and certainly would not apply for a period of 12 months or more." AR at 899. This statement is insufficient and does not "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence [or] stat[e] [the ALJ's] interpretation thereof, and mak[e] [a] finding[]." Tommasetti, 533 F.3d at 1041 (citing Magallanes, 881 F.2d at 751). In addition, the error is not harmless as it was not inconsequential to the ultimate non-disability determination[7] because the RFC created by the ALJ for Plaintiff directly contradicts Dr. Liu's opinions with respect to the limitations she found and the VE found that there were jobs available in the national economy that Plaintiff could perform based on the hypotheticals that contradicted Dr. Liu's conclusions.

Most concerning is the ALJ's failure to address Dr. Liu's opinion that Plaintiff would likely be absent from work more than four days per month. In response to the ALJ's question, "[a]nd if their condition makes them miss two full days of work a month as an ongoing pattern, in your judgment based on your experience, would they be able to sustain employment during those periods of time[,]" VE Hyatt responded "[i]n my opinion, that person would be unable to maintain

---

[7] Harmless error occurs if the error is inconsequential to the ultimate non-disability determination. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006). Errors that do not affect the ultimate result are harmless. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." Batson, 359 F.3d at 1197.

competitive work. Id. at 970. Accordingly, Dr. Liu's opinion regarding Plaintiff's likely absenteeism from work four days per month is critical to the VE's determination of available jobs that Plaintiff could perform. Here, not only did the ALJ fail to provide specific and legitimate reasons for rejecting Dr. Liu's opinion regarding Plaintiff's absenteeism, the ALJ failed to discuss absenteeism at all. Because there is no mention of Plaintiff's ability to attend work consistently anywhere in the ALJ's opinion – save for his summary of Dr. Liu's opinion – the Court is unable to find that the ALJ properly discounted Dr. Liu's opinion in this regard even "within the greater context of the decision."[8] Oppo. at 24. The VE opined that Plaintiff missing two days per month would render him unable to maintain employment. The ALJ's failure to provide specific and legitimate reasons for discounting Dr. Liu's opinion that Plaintiff would likely miss twice that number of days is an error that is not harmless.

The ALJ also failed to provide specific and legitimate reasons for discounting Dr. Liu's opinions regarding Plaintiff's sitting limitations. Dr. Liu concluded that Plaintiff could sit for four hours of an eight-hour workday. Id. at 6935. The RFC created by the ALJ states that Plaintiff can sit for eight hours in a workday and the hypotheticals provided to the VE by the ALJ focused on an individual who could sit for eight hours during a workday. Id. at 890, 969. The VE found that such an individual could work as an Assembler – 726.684-110, Semiconductor Loader – 726.687-030, or Final Assembler – 713.687-018. Id. at 970. Had the VE considered an individual who can only sit for four hours of an eight-hour workday, as Dr. Liu opined for Plaintiff, her findings may have been different.

Prior to addressing Dr. Liu's opinion, the ALJ found there is "no objective medical evidence to support any sitting limitation" and noted that Plaintiff's lower back pain is intermittent and mild and that he has no neurological deficits. Id. at 897. In support, the ALJ cites to one medical record from January 12, 2022, by Dr. Thomas Pfeil, a consulting physician. Id. at 897,

---

[8] In his opposition, Defendant highlights parts of the ALJ's opinion discussing upper extremity limitations, assistive devices, and sitting limitations, but does not mention absenteeism. Oppo. As such, Defendant fails to provide evidence to support his position that the ALJ properly discounted Dr. Liu's opinion regarding absenteeism.

10248-10250. Dr. Pfeil wrote that Plaintiff reported "[l]ow back pain, he was diagnosed with sciatica in 2014 and states it occurs once every four to five months with radiation into the right leg." Id. at 10248. The neurological portion of Dr. Pfeil's exam revealed that Plaintiff's cranial nerves II through XII were "grossly intact and the face is symmetric" and there was "no evidence of fasciculations, atrophy, or rigidity. Fine finger mobility is normal. The claimant has normal ability to handle small objects and button buttons on clothing." Id. at 10250. Plaintiff's left, right, upper, and lower extremities were all 5/5 as was his right- and left-hand grip strength. Id. His deep tendon reflexes were normal and symmetric in the upper extremities and the lower extremities, and his sensory exam was symmetric and normal. Id. The ALJ also cited to treatment records from Neighborhood Healthcare from 2017-2020 that showed "occasional sciatic pain complaints" but mild imaging and "no significant treatment such as spine surgery" or "neurological deficits that would reasonably limit his ability to sit for period required of sedentary work." Id. at 894 (citing Exhibits 24F-26F).

While the ALJ stated his conclusion and referenced a single report from a consulting doctor, the ALJ did not specifically address Dr. Liu's findings regarding Plaintiff's limited ability to sit, did not resolve the conflicts between Dr. Liu's and Dr. Pfeil's sitting limitations, did not specifically address the treatment records from the Neighborhood Healthcare Clinic and explain how they impacted Dr. Liu's finding, and did not explain his decision to give more weight to consulting Dr. Pfeil than treating Dr. Liu. See Ahearn, 988 F.3d at 1115 ("[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities") (quoting Andrews, 53 F.3d at 1039). Even considering the ALJ's statements in other portions of his decision, the ALJ failed to provide the requisite specific and legitimate reasons for discounting Dr. Liu's opinion regarding Plaintiff's sitting limitations. This failure is a legal error. The ALJ also erred in a similar way with respect to the RFC and hypotheticals imagining an individual who can stand and walk for two hours despite Dr. Liu's finding that Plaintiff could stand and walk for less than two hours. Id. at 6935. Because the ALJ did not ask the VE any hypotheticals involving the sitting and standing/walking limitations identified by Dr. Liu, the Court cannot find that the errors were harmless.

Plaintiff alleges that the ALJ also erred in failing to address Dr. Liu's opinion regarding Plaintiff's need to use a cane or assistive device when engaging in occasional standing or walking. Pl.'s Mot. at 12-15. Defendant contends that the ALJ properly found Plaintiff did not need a cane. Oppo. at 25. The Court need not determine whether the ALJ erred in this respect because even if he did, the error was harmless. During the hearing, the ALJ asked the VE if an individual needed "at least on some days, to use a cane to ambulate to and from their work after [sic], could the three jobs you gave us [Assembler – 726.684-110, Semiconductor Loader – 726.687-030, Final Assembler – 713.687-018] still be performed if they needed to use a cane to ambulate to and from the work area?" Id. at 970-971. The VE responded "[a] cane would be needed for all ambulation, is that correct?" and after receiving confirmation from the ALJ replied "[i]n my opinion, no, that person would be unable to perform those jobs" because "[t]he use of a cane would interfere with their ability to carry any light materials that might be required with the use of both hands." Id. at 971. The VE also noted that the jobs she identified required that ability and that "in today's labor market, the use of a cane is considered by most employers to be a potential hazard." Id. The VE concluded that while there are people who do the identified jobs with a cane, it would result in a significant seventy-five percent erosion of the 150,000 Assembler jobs, 100,000 Semiconductor Loader jobs, and 75,000 Final Assembler jobs about which the VE testified. Id. at 972. In his order, the ALJ determined that even with the erosion of jobs, there would be "a significant number of jobs available." Id. at 901. Because the ALJ determined that there were a "significant number of jobs available in the national economy whether or not the Plaintiff needed to use a cane to ambulate, and because there is the requisite "some evidence" supporting the ALJ's decision, any error regarding the ALJ's analysis of the cane requirement identified by Dr. Liu is harmless. See Gutierrez v. Comm'r of Social Sec., 740 F.3d 519, 529 (9th Cir. 2014) (finding that 25,000 jobs in the national economy constituted a significant number of jobs); see also Ronquillo v. Saul, 2021 WL 614637, at *8 (E.D. Cal., Feb. 17, 2021) (noting that there is no "bright-line rule for what constitutes a 'significant number' of jobs" and finding 24,000 available jobs between two positions to establish a significant number of jobs in the national economy) (quoting Beltran v. Astrue, 700 F.3d 386,

389 (9th Cir. 2012)) (citing Davis v. Comm'r, 2018 WL 1779341 at *6 (E.D. Cal. Apr. 12, 2018) (finding 15,000 national jobs to be significant number); Jeter v. Berryhill, 2018 WL 2121831 at *3 (C.D. Cal. May 8, 2018) ("Although at the low end, the ALJ's finding as to [20,000] national jobs meets the legal standard"); and Young v. Astrue, 591 Fed. App'x 769, 772 (3rd Cir. 2013) (finding the amount of 20,000 jobs was "sufficient to support a finding that work exists in significant numbers")).

///
///
///
///
///

## REMAND v. REVERSAL

The decision whether to remand for further proceedings or simply to award benefits is within the discretion of the court. See Aida I. v. Saul, 2020 WL 434319, at *5 (S.D. Cal., Jan. 28, 2020) (noting that "[t]he law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.") (citing Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); and Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).  Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. See Gerde v. Berryhill, 717 Fed. Appx. 674, 677 (9th Cir. 2017) ("[r]emand for further administrative proceedings to consider Dr. Alvord's opinion and the lay witness testimony is the proper remedy because enhancement of the record would be useful.") (citing Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)).  On the other hand, if the record has been fully developed such that further administrative proceedings would serve no purpose "the district court should remand for an immediate award of benefits." Benecke, 379 F.3d at 593. "More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a

determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)).  The Ninth Circuit has not definitely stated whether the "credit-as-true" rule is mandatory or discretionary.  See Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (acknowledging that there is a split of authority in the Circuit, but declining to resolve the conflict); Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (finding rule is not mandatory where "there are 'outstanding issues that must be resolved before a proper disability determination can be made'" (internal citation omitted)); Shilts v. Astrue, 400 F. App'x 183, 184-85 (9th Cir. Oct. 18, 2010) (explaining that "evidence should be credited as true and an action remanded for an immediate award of benefits only if [the Benecke requirements are satisfied]" (internal citation omitted)).  "Even if all three requirements are met, the Court retains flexibility to remand for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" Nichols v. Saul, 2019 WL 6252934, at *10 (S.D. Cal., Nov. 22, 2019) (quoting Brown-Hunter, 806 F.3d at 495).  A remand for an immediate award of benefits is appropriate only in rare circumstances. Id.

Here, based on the record before it, the Court concludes that the rare circumstances that may result in a direct award of benefits are not present.  See Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2017) ("[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule"); see also Howland v. Saul, 804 Fed. Appx. 467, 471 (9th Cir. 2020) (same).  Instead, the Court finds further administrative proceedings will serve a meaningful purpose by allowing the ALJ to reconsider Dr. Liu's opinions, to resolve the conflicts between Dr. Liu's opinions and those of other physicians, and if necessary, to provide specific and legitimate reasons for rejecting each of Dr. Liu's opinions. Therefore, this Court **REVERSES** the ALJ's decision and **REMANDS** for further proceedings to

address the errors noted in this Order.[9]

**IT IS SO ORDERED**.

Dated: 7/5/2023

Hon. Barbara L. Major
United States Magistrate Judge

---

[9] Because the Court is remanding for further development and consideration of the record, the Court will not rule on Plaintiff's argument that that the ALJ failed to provide sufficient reasons for rejecting Dr. Alpern's opinion that Plaintiff's condition has equaled listing 4.11B since the middle of 2017.  See  Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); see also Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Newton v. Colvin, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments."); and Berenisia Madrigal v. Saul, 2020 WL 58289, at *7 (E.D. Cal., Jan. 6, 2020) ("Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments that the ALJ erred in rejecting medical opinion evidence and failing to develop the record).